1  BROWN, WALLER & GIBBS, P.C.
   RICHARD L. WALLER
2  (rlwaller@pobox.alaska.net)
3  821 N Street, Suite 202
   Anchorage, AK 99501-3285
4  Phone:  (907) 276-2050
   Fax:  (907) 276-2051
5
6  COOLEY GODWARD LLP
   MICHAEL G. RHODES
7  (rhodesmg@cooley.com)
   JOSEPH S. LEVENTHAL
8  (jleventhal@cooley.com)
   4401 Eastgate Mall
9  San Diego, California  92121
   Phone:  (858) 550-6000
10 Fax:  (858) 550-6420

11 Attorneys for Defendant
   PayPal, Inc.
12

13              UNITED STATES DISTRICT COURT

14              FOR THE DISTRICT OF ALASKA

15

16 BROCK M. WEIDNER,                    Case No.  1:06-cv-00007-JWS

17              Plaintiff,              **PAYPAL, INC.'S OPPOSITION TO
                                        PLAINTIFF'S MOTION FOR JUDGMENT BY
18      v.                              DEFAULT; CROSS-MOTION TO DISMISS
                                        PURSUANT TO FED. R. CIV. P. 12(B)(1),
19 PAYPAL, INC.,                        (2), (3), (5) AND (6) AND POINTS &
                                        AUTHORITIES IN SUPPORT THEREOF**
20              Defendant.

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that PayPal, Inc. ("PayPal") hereby moves the Court for an order dismissing the complaint under Fed. R. Civ. P. 12 for: lack of jurisdiction over the subject matter; lack of jurisdiction over PayPal; improper venue; insufficiency of service of process; and failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(1)-(3), (5)-(6). The complaint should be dismissed because PayPal was not afforded sufficient service of process. Further, the Court lacks subject matter and personal jurisdiction, and there is no basis for venue in the District Court of Alaska. Finally, plaintiff fails to advance allegations that, if true, establish he is entitled to relief for a claim of defamation.

PayPal's Motion to Dismiss is made pursuant to Fed. R. Civ. P. 12(b)(1)-(3), (5)-(6) and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all records and papers on file in this action and any evidence or oral argument offered at the hearing on this motion should one be requested and granted.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

1.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. CIV. P.

# POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENT BY DEFAULT AND CROSS-MOTION TO DISMISS

## I.    INTRODUCTION

This action was brought by Mr. Weidner ("plaintiff"), an attorney licensed by the State Bar of Alaska, alleging a single claim for defamation against PayPal. Despite being admitted to the bar and having familiarity with civil procedure, plaintiff filed this action and then failed to follow basic rules of service of process in, what PayPal believes to be, a deliberate attempt to secure a default judgment.[1]

Good cause exists for deciding this case on its merits rather than by entry of a default judgment. Because of defects in service of process, PayPal was not aware of the fact that it had been sued by plaintiff until it received the motion for judgment by default on July 27, 2006. Specifically, plaintiff mailed his complaint to an obscure post office box for PayPal in Nebraska despite previously being told that PayPal was headquartered in Santa Clara County, California. The complaint was sent without restricted delivery and failed to include a summons – in violation of the rules of civil procedure. Failing to comply with these basic rules of civil procedure made the complaint appear insignificant to the non-employee personnel who received it. Had PayPal realized that a complaint had been filed naming it as a defendant and that it had an obligation to respond, it would have done so. In fact, after learning of the litigation, PayPal began preparing its motion to dismiss the complaint when plaintiff subsequently filed the motion for judgment by default. Because good cause exists, judgment by default should not be entered.

PayPal cross-moves to dismiss the complaint. Because PayPal was afforded insufficient service of process, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5). The complaint suffers from additional procedural defects in that this Court lacks subject matter and personal jurisdiction and venue is inappropriate. FED. R. CIV. P. 12(b)(1)-(3). Separate from the procedural deficiencies, the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Accepting all the allegations in the complaint as true, plaintiff does not

---

[1] PayPal will not take the Court's time here to recount the simple dispute between it and plaintiff prior to the filing of this action, which was ultimately resolved. However, it is worth mentioning that plaintiff threatened PayPal, seeking a quick payment from PayPal, prior to filing this action, which PayPal rejected.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

2.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

allege any statements by PayPal that were false.  Furthermore, all alleged statements by PayPal were privileged.  Accordingly, the complaint should be dismissed with prejudice.

## II.    ARGUMENT

### A.    Default is Inappropriate Because Good Cause Exists For PayPal's Belated Response to the Complaint.

#### 1.    Standard for Entry of Default Judgment

Default judgments are disfavored.  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).  "[W]here … [the defendant] *has a meritorious defense*, doubt, if any, should be resolved … so that cases may be decided on their merits."  *Id.* (quotation omitted) (emphasis in original).  Default judgment should not be entered when "good cause [is] shown."  FED. R. CIV. P. 55(c).  The factors that determine good cause are: "whether the defendant's culpable conduct led to the default [and] whether the defendant has a meritorious defense…."[2]  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citations omitted).  As demonstrated below, these factors weigh against entry of default judgment.

#### 2.    Good Cause Exists for PayPal's Belated Response to the Complaint.

PayPal did not respond to the complaint until its present motion to dismiss for a simple reason: Because of considerable and significant defects in service of process, PayPal was not aware of the fact that it had been sued by plaintiff until it received the motion for judgment by default on July 27, 2006.   (Declaration of Christopher Ferro In Support of PayPal, Inc.'s Opposition to Motion for Judgment By Default and Cross-Motion to Dismiss Complaint ("Ferro Decl."), ¶ 5.)

Specifically, plaintiff mailed his complaint – without a summons – to an obscure post office box in Nebraska without marking it for restricted delivery.  While service of process by registered or certified mail is permitted in Alaska, such service is supposed to be mailed for restricted delivery only.  Restricted delivery means that the parcel can only be delivered to individuals authorized to sign for it, which ensures proper routing of such mail.  Further, plaintiff

---

[2] For setting aside a default judgment, courts also look to "whether reopening the default judgment would prejudice the plaintiff."  *Knoebber*, 244 F.3d at 696 (citations omitted).  Since a default has not yet been entered, this is not a factor here.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

3.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

1  was aware, prior to filing his complaint, that PayPal was headquartered in Santa Clara County,

2  California. (Ferro Decl., ¶ 4.)

3        Despite this knowledge, plaintiff attempted service on PayPal by certified mail to an

4  obscure, non-publicized post office box in Nebraska, but failed to send the complaint for

5  "restricted delivery only."  Court Doc. No. 6-2.  Even though plaintiff sent his complaint to an

6  obscure PayPal address, had plaintiff sent his complaint for restricted delivery, only the agent

7  authorized in writing by PayPal to accept delivery of such mail would have received it.  Because

8  plaintiff neglected to follow this simple but important rule of civil procedure, PayPal was

9  unaware that it had been sued until months later. (Ferro Decl., ¶ 5.)

10        Plaintiff also ignored Fed. R. Civ. P. 4(c)(1) and failed to serve PayPal with a summons.

11  (Declaration of David Billings In Support of PayPal, Inc.'s Opposition to Motion for Judgment

12  By Default and Cross-Motion to Dismiss Complaint ("Billings Decl."), ¶ 4.)  Had PayPal been

13  served with a summons, it is more likely that the non-employees that received the documents –

14  none of whom had any legal training – would have recognized the documents as imposing an

15  obligation on PayPal to respond, thereby routing the document to PayPal's legal department.  It is

16  because of these deficiencies that PayPal failed to respond to the complaint until now.  Had

17  plaintiff followed the Federal Rules of Civil Procedure, PayPal would have been aware that it was

18  named a defendant.  Because PayPal's conduct is not "culpable" and its belated response is

19  "meritorious," default should not be entered.

20  **3.    The Motion for Judgment By Default Fails to Comply With Local Rule 55.1.**

21

22        PayPal believes that entry of default judgment against it would be inappropriate on the

23  record before the Court because plaintiff failed to comply with L.R. 55.1, which requires the

24  submission of an affidavit with the motion. Specifically, L.R. 55.1(a)(2) states:

25      If a money award is sought, the applicant must file with the application an
    affidavit with such attachments as may be appropriate: [A] showing entitlement to

26      the amount sought; and [B] that provides a computation of the amounts to be
    filled in by the clerk on the judgment.

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

4.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

1    Here, plaintiff seeks a monetary award in the amount of $100,000. (Compl., Prayer for

2   Relief.) PayPal was not served with an affidavit accompanying the motion for entry of judgment

3   by default. (Ferro Decl., ¶ 5.) No such affidavit was filed with the Court. (*See* Court Doc. No.

4   8.) As discussed below (Section II.B.3.), there is no correlation between the monetary amount

5   sought by plaintiff and his claims. As such, plaintiff's failure to comply with L.R. 55.1 is a

6   notable defect that leaves the Court with an unsuitable record for entering a judgment by default.

7    **B.    The Complaint Should be Dismissed.**

8        **1.    Standard for Motion to Dismiss**

9    A motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1)-(2) may attack

10   the allegations in the complaint on their face or may attack the existence of subject matter

11   jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.

12   1979). For a motion to dismiss based on venue under Fed. R. Civ. P. 12(b)(3), plaintiff's

13   pleadings are not accepted as true and a court may consider facts outside the pleadings. *Argueta*

14   *v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996) (citations omitted).

15    Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a

16   claim upon which relief may be granted. Dismissal of a complaint is proper when there is either a

17   "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

18   legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In

19   reviewing a Rule 12(b)(6) motion, the Court must accept as true all material allegations in the

20   complaint. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, the Court

21   need not accept every allegation in a complaint as true in considering its sufficiency. *Holden v.*

22   *Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted).

23        **2.    The Complaint Should Be Dismissed For Insufficiency of Service of Process.**

24

25    Plaintiff's service of process on PayPal was grossly insufficient.[3] First, plaintiff attempted

26   to personally effect service on PayPal – a violation of the rule against service by a party. Second,

---

[3] Service of process was severely deficient despite the obligations imposed on plaintiff – unlike other plaintiffs –
27   under the Alaska Rules of Professional Conduct. Specifically, the Alaska Rules of Professional Conduct dictate that
plaintiff "shall not knowingly violate or disobey ... the rules of a tribunal except for an open refusal based on an
28   assertion that the order is invalid or that no valid obligation exists." ALASKA R. PROF. CONDUCT 3.4(c).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

5.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

plaintiff mailed his complaint to an obscure PayPal post office box in Nebraska, but failed to restrict delivery so as to ensure it was routed to the proper individuals. Finally, plaintiff failed to serve a summons with the complaint, which contributed to PayPal's lack of knowledge that it had been sued. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (Citations omitted.) Because of the severity of the defects in service of process, the complaint should be dismissed.

### a. Service cannot be effected by a party.

Fed. R. Civ. P. 4(c)(2) explicitly precludes service by an individual who is a party. "Service may be effected by any person who is ***not*** a party...." FED. R. CIV. P. 4(c)(2) (emphasis added). As the Ninth Circuit commented, "Rule 4 means precisely what it says: save for those few special situations expressly enumerated in the Rule, any person over 18, ***who is not a party to the suit***, may serve the summons and complaint." *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986) (emphasis added).

Here, plaintiff submitted evidence to the Court that he, personally, attempted to effect service on PayPal. *See* Court Doc. No. 6-1. As such, service on PayPal was insufficient. *See Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004) (dismissing complaint when served by plaintiff).

### b. Service cannot simply be effected by mail to a PayPal post office box.

Fed. R. Civ. P. 4(h)(1) permits service of a corporation "in the manner prescribed for individuals by subdivision (e)(1)." Fed. R. Civ. P. 4(e)(1) allows for service "pursuant to the law of the state in which the district court is located." Under Alaska law, a summons and complaint may be served on a corporation by "delivering a copy of the summons and of the complaint to a managing member, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." ALASKA CODE CIV. P. 4(d)(4). While

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

6.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

1   service of process by registered or certified mail is permitted in Alaska, such service "shall be

2   mailed for restricted delivery only…." *Id.* at 4(h).

3       Plaintiff had extensive communications with PayPal's Senior Litigation Counsel prior to

4   filing his lawsuit. (Ferro Decl., ¶ 2.) During the course of those discussions, plaintiff was made

5   aware that PayPal was headquartered in Santa Clara County, California. (*Id.* at ¶ 4.) He was also

6   advised regarding the User Agreement's requirement to file his action in Santa Clara County,

7   California.[4] (*Id.*)

8       Despite this knowledge, plaintiff attempted service on PayPal by certified mail to an

9   obscure, non-publicized post office box in Nebraska, but failed to send the complaint for

10  "restricted delivery only." Court Doc. No. 6-2; ALASKA CODE CIV. P. 4(h). Even though plaintiff

11  sent his complaint to an obscure PayPal address, had plaintiff sent his complaint for restricted

12  delivery, only the agent authorized in writing by PayPal to accept delivery of such mail would

13  have received it. Because plaintiff neglected to follow this simple but important rule of civil

14  procedure, PayPal was unaware that it had been sued until months later. (Ferro Decl., ¶ 5.)

15  Because of plaintiff's insufficient service of process, the complaint should be dismissed.

16              **c.**     **Plaintiff failed to serve PayPal with a summons.**

17      A summons shall be served together with the complaint. FED. R. CIV. P. 4(c)(1). Here,

18  plaintiff failed to serve PayPal with a summons, only serving a complaint. (Billings Decl., ¶ 4.)

19  Had PayPal been served with a summons, it is more likely that the non-employees that received

20  the documents – none of whom had any legal training – would have recognized the documents as

21  imposing an obligation on PayPal to respond, thereby routing the document to PayPal's legal

22  department. *Mullane*, 339 U.S. at 306. Because plaintiff failed to serve a summons on PayPal,

23  together with the complaint, the complaint should be dismissed for insufficiency of service of

24  process.

25          **3.**     **The Court Lacks Subject Matter Jurisdiction.**

26      "It is plaintiff's burden both to allege with sufficient particularity the facts creating

---

[4] In what can only be viewed as a gracious overture towards resolution of the dispute and in an effort to minimize costs to both sides, PayPal also informed plaintiff of legal deficiencies in his draft complaint. (Ferro Decl., ¶ 4.) The complaint actually filed did not address these deficiencies.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

7.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

1   jurisdiction, in view of the nature of the right asserted, and if appropriately challenged, or if
2   inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury*
3   *Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 n.10 (1938) (citing *McNutt v. General Motors*
4   *Acceptance Corp.*, 298 U.S. 178, 182-89 (1936)). *See also Pullman Co. v. Jenkins*, 305 U.S. 534,
5   540 (1939). For complaints based on diversity jurisdiction, if, "from the face of the pleadings, it
6   is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed" then the suit
7   must be dismissed. *St. Paul*, 303 U.S. at 289. To support subject matter jurisdiction, plaintiff
8   must provide the Court with "competent proof." *McNutt*, 298 U.S. at 189; *Sanchez v.*
9   *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Only three situations clearly meet
10  the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible
11  recovery; (2) when a specific rule of law or measure of damages limits the amount of damages
12  recoverable; and (3) when independent facts show that the amount of damages was claimed
13  merely to obtain federal court jurisdiction."[5] *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*,
14  802 F.2d 362, 364 (9th Cir. 1986) (citing 14A CHARLES ALAN WRIGHT, *et al.*, FEDERAL PRACTICE
15  AND PROCEDURE: JURISDICTION, § 3702 at 48-50 (2d ed. 1985)).

16      Here, plaintiff's half-hearted complaint fails to allege any facts attempting to establish the
17  Court's subject matter jurisdiction, which violates L.R. 10.1(k). It can be surmised, however, that
18  plaintiff believes the Court has diversity jurisdiction under 28 U.S.C. § 1332, which requires a
19  matter in controversy to exceed $75,000. But plaintiff's demand for $100,000 has no correlation
20  to plaintiff's claim and appears to be stated "merely to obtain federal court jurisdiction."
21  *Pachinger*, 802 F.2d at 363.

22      In early 2006, plaintiff claimed PayPal's actions caused him $25,000 in damages. (Ferro
23  Decl., ¶ 3.) Merely days later, plaintiff threatened PayPal with a draft of his complaint, which
24  quadrupled the damages amount to $100,000. (*Id.*) Plaintiff offers no allegations in his
25  complaint that would explain how a dispute over a few days regarding one (or a few) transactions
26  amounting to possibly several-hundred dollars would equate to $100,000 in damages for

---

[5] As a separate basis to establish legal certainty, PayPal's User Agreement limits plaintiff's recovery to actual damages and bars incidental or consequential damages. Because plaintiff does not allege any actual damages, his recovery is – to a certainty – under the $75,000 threshold for diversity jurisdiction.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

8.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

defamation. (*See generally* Compl.) Nor does there appear to be any rational basis for the quadrupling of plaintiff's damages claim. As plaintiff offers no "competent proof" of his damages, there is a legal certainty that he cannot recover at least $75,000 sufficient for diversity jurisdiction. *McNutt*, 298 U.S. at 189; *Sanchez*, 102 F.3d at 404. As such, the Court lacks subject matter jurisdiction and the complaint should be dismissed. *See Rasidescu v. Midland Credit Mgmt., Inc.*, No. 05-cv-1794, 2006 WL 1467441, *5 (S.D. Cal. May 19, 2006) ("Plaintiff's claim for damages cannot be supported by the facts contained within his first amended claim, and therefore, to a legal certainty, does not overcome his burden of showing the required jurisdictional amount for this Court to assert federal jurisdiction in the instant matter.")

### 4.    The Court Lacks Personal Jurisdiction Over PayPal.

Plaintiff makes no effort to establish the Court's personal jurisdiction over PayPal. Plaintiff bears the burden of demonstrating that the court has jurisdiction over PayPal. *See St. Paul*, 303 U.S. at 288 n.10 (citation omitted); *Pullman*, 305 U.S. at 540.

Plaintiff acknowledges that PayPal is an "out-of-state" company. (Compl., ¶ 2.) There are no allegations that PayPal solicits business in Alaska or has any other connection to Alaska. In fact, plaintiff makes no allegations to show PayPal has sufficient "minimum contacts" with Alaska so that maintaining a suit here "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Because plaintiff fails to meet his burden of establishing the Court's personal jurisdiction over PayPal, the complaint should be dismissed.

In addition, the Court does not have personal jurisdiction over PayPal until it is properly served consistent with the Federal Rules of Civil Procedure. *In re Focus Media Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987)). Accordingly, because plaintiff failed to serve PayPal consistent with Fed. R. Civ. P. 4 (*see* Section II.B.2. *supra*), the Court lacks jurisdiction over PayPal.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

9.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

## 5.    The District Court of Alaska Is An Improper Venue.

Venue in this district is improper.  For actions where jurisdiction is based on diversity of citizenship, an action can only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Here, all defendants do not reside in Alaska.  28 U.S.C. § 1391(a)(1).  Further, plaintiff has made no showing, and PayPal does not believe, that the allegedly defamatory statements were made in Alaska.  *Id.* at § 1391(a)(2).  As discussed above (Section II.D.4.), PayPal is not subject to the Court's personal jurisdiction.  *Id.* at § 1391(a)(3).  But even if it were, there are other districts "in which the action may otherwise be brought."  *Id.*  Specifically, plaintiff was free to bring his claim in a district court where the allegedly defamatory statements were made. He did not do so.  As such, venue in the District Court of Alaska is improper.[6]

## 6.    Plaintiff Fails To State A Claim For Defamation Upon Which Relief Can Be Granted.

The elements of a defamation claim in Alaska are: "(1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) the existence of either 'per se' actionability or special harm."  *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 130 (Alaska 2000) (quoting *French v. Jadon, Inc.*, 911 P.2d 20, 32 (Alaska 1996)).  Plaintiff's allegations, even if true, are insufficient to establish liability by PayPal because the statements were not false or defamatory and PayPal was privileged in making the statements.  Furthermore, defamation claims require "that in every defamation there be two things: (1) a defamation apparent from the words themselves, for no innuendo can alter the sense, and (2) certainty as to the person defamed, for no innuendo can

---

[6] In addition to the argument above, PayPal's User Agreement requires any dispute between a user and PayPal seeking over $10,000 to be brought in Santa Clara County, California.  There is no reason such an agreement between the parties should be ignored.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Volkswagenwerk, A.G. v. Klippan, GmbH*, 611 P.2d 498 (Alaska 1980).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

10.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

1    render certain that which is uncertain." *Golden N. Airways v. Tanana Publ'g Co.*, 218 F.2d 612,

2    621 (9th Cir. 1955). The attachment to the complaint shows that PayPal's statements did not

3    identify the plaintiff – making the statements unactionable.

4                 **a.**      **The statements alleged in the complaint were not false.**

5          Defamation requires a false statement. *Odom*, 999 P.2d at 130 (quotation omitted).

6    Plaintiff bases his defamation on three alleged statements or types of statements:

7          •    "[C]ommunications from Plaintiff [sic] to third parties that Plaintiff was being

8              'investigated' for fraud or unauthorized transactions…";

9          •    "Defendant … wrote to clients, associates and customers of Plaintiff seeking

10             information about their relationship, history, services and other personal

11             information…"; and,

12          •    "Defendant … advis[ed] Sellers on Ebay [sic] to report Plaintiff to the FBI and U.S.

13             Postal Inspector…."

14    (Compl. ¶¶ 5-7.) Each of these statements are true or not capable of being true or false.

15          <u>Plaintiff was being "investigated" for fraud or unauthorized transactions</u>: As shown by

16    plaintiff's attachment to the complaint, plaintiff had limited access to his account while, in fact,

17    an investigation was conducted. (Compl., Ex. 2.) Therefore, this statement was true.

18          <u>PayPal sought information from clients, associates and customers</u>: There are no factual

19    aspects to these communications that can be challenged as false. A communication soliciting

20    information from third parties is not a false statement, actionable as defamation.

21          <u>PayPal advised sellers on eBay to report plaintiff to the FBI and U.S. Postal Inspector</u>:

22    There are no factual aspects to this statement that can be challenged as false. At best, these

23    allegations support a claim for abuse of process or something akin – not defamation. As such, all

24    of the alleged statements by PayPal are not actionable because they are not false.

25                 **b.**      **PayPal was privileged in making the alleged statements.**

26          Even if these statements were false and defamatory – which they were not, they are not

27    actionable because PayPal was privileged in making them. "One who publishes defamatory

28    matter concerning another is not liable for the publication if: (a) the matter is published upon an

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

11.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

occasion that makes it conditionally privileged and (b) the privilege is not abused." *Briggs v. Newton*, 984 P.2d 1113, 1121 (Alaska 1999) (quotation omitted). Specifically, a statement is privileged when made "for the protection of a lawful business, professional, property or other pecuniary interest." *Id.* (quotation omitted). The privilege "is clearest 'when a legal relationship exists between the defendant and the person on whose behalf he intervenes.'" *Id.* (quoting *Schneider v. Pay'N Save Corp.*, 723 P.2d 619, 624 (Alaska 1986).) If a statement is conditionally privileged, plaintiff must establish malice. *Id.*

Here, all statements allegedly made by PayPal about plaintiff were made to users of PayPal. (Compl. ¶¶ 5, 7.) PayPal entered into a legal, binding agreement with these users, thereby establishing a "legal relationship." *Briggs*, 984 P.2d at 1121 (quotation omitted). The alleged statements related to suspected fraud and abuse of the PayPal system by plaintiff. (*See generally* Compl.) Fraud and abuse of the PayPal system affects the business, professional, property and pecuniary interests of PayPal and its users. *Briggs*, 984 P.2d at 1121 (quotation omitted). As such, these statements, even if false and defamatory, are conditionally privileged. To maintain an action for conditionally-privileged statements, plaintiff must allege malice. *Id.* Because plaintiff does not and cannot allege malice, his defamation claim fails.

### c.    PayPal did not identify plaintiff in the alleged statements.

Maintaining a claim for defamation requires "certainty as to the person defamed, for no innuendo can render certain that which is uncertain." *Golden N. Airways*, 218 F.2d at 621. As evidenced by plaintiff's complaint, any statements made about plaintiff referred to him only by his email address. (*See* Compl., Ex. 1.) Others were only able to associate plaintiff with the alleged statements – if at all – due to plaintiff's own disclosure of his identity as connected to his email address.[7] Because PayPal never identified plaintiff in its alleged statements to others, the defamation claim fails.

/ / /

/ / /

---

[7] This is not a situation where plaintiff's email address – alasknkid@aol.com (Compl., Ex. 1) – discloses plaintiff's identity. If it did, such a situation may present a different scenario.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

12.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.

**III.   CONCLUSION.**

Entry of default is inappropriate because there is good cause for PayPal's belated response. Specifically, plaintiff's service of process was so significantly defective that PayPal was unaware it had been sued until receiving the motion for judgment by default. Further, PayPal's motion to dismiss should be granted because PayPal was not afforded sufficient service of process. Further, because the Court lacks subject matter and personal jurisdiction over the claim, and because the venue is inappropriate, the complaint should be dismissed. Finally, the merits of the complaint are unsustainable as plaintiff's defamation claim fails. Accordingly, PayPal respectfully requests the Court dismiss the complaint with prejudice.

DATED at Anchorage, Alaska this _____ day of August, 2006.

BROWN, WALLER & GIBBS
Attorneys for Defendant PayPal, Inc.

By: _____
Richard L. Waller
Alaska Bar No. 7805025

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing along with the DECLARATION OF DAVID BILLINGS IN SUPPORT OF PAYPAL, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1), (2), (3), (5), **and** DECLARATION OF CHRISTOPHER G. FERRO IN SUPPORT OF PAYPAL, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1), (2), (3), (5).was mailed on the 9th day of August, 2006 to the following:

Brock M. Weidner
Law Offices of Brock M. Weidner
P.O. Box 35152
Juneau, Alaska 99803-5152

_____
Meghan Moroney

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN DIEGO

509465 v1/SD

13.

1:06-CV-00007-JWS
PAYPAL'S OPP. TO MOTION FOR DEFAULT &
CROSS-MTD PURSUANT TO FED. R. CIV. P.